IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

TONY ALSTON,                          )
    Plaintiff,                    )
                                      )
v.                                    ) Civil Action No. 10-839
                                      )
MICHAEL ASTRUE,                       )
Commissioner of Social Security,      )
    Defendant.                    )


MEMORANDUM AND ORDER

Gary L. Lancaster,
Chief Judge.                                  October 5, 2011

    This is an appeal from the final decision of the Commissioner of Social Security denying plaintiff's claim for disability insurance benefits ("DIB") under Title II of the Social Security Act 42 U.S.C. § 405. Plaintiff, Tony Alston, argues that the court should reverse the decision of the Administrative Law Judge ("ALJ"), and award him benefits because he is disabled due to post-traumatic stress disorder ("PTSD") suffered as a result of his service in the Vietnam War, as well as various physical ailments. In the alternative, Mr. Alston seeks an order of remand. The parties have filed cross-motions for summary judgment.

    Mr. Alston argues that that the ALJ erred when determining his residual functional capacity ("RFC") by relying solely on the reports filed by the State Agency Consultants, and

that she gave insufficient weight to the determination of the Veterans Administration ("VA") that Mr. Alston was 100% disabled and unable to work. Defendant argues that the ALJ gave both determinations their proper weight and that her judgment is supported by substantial evidence.

Based on the evidence of record and the briefs filed in support of each party's motion, the court concludes that substantial evidence does not support the Commissioner's finding that Alston is not disabled as defined by the Social Security Act, 42 U.S.C. §§ 416(i) and 423(d). For the reasons set forth below, we will vacate the decision of the Commissioner and remand for further administrative proceedings.

I.  PROCEDURAL HISTORY

Mr. Alston protectively applied for DIB on September 20, 2007, alleging a disability beginning on October 4, 2000. The claim was administratively denied on November 21, 2007. Mr. Alston filed a written request for a hearing, which was held on April 7, 2009, in Pittsburgh, Pennsylvania, before ALJ Anne Chain. Mr. Alston testified, as did Karen Krull, an impartial vocational expert. Pursuant to a written decision dated April 29, 2009, the ALJ denied Mr. Alston's claim, finding that he was not disabled under the meaning of the Act from the alleged onset date through the last date insured. The Appeals Council denied

Mr. Alston's request for review on April 28, 2010, making the ALJ's decision the final decision of the Commissioner. Mr. Alston commenced this action seeking judicial review on July 21, 2010. Mr. Alston and the Commissioner filed motions for summary judgment on November 17, 2010, and December 16, 2010, respectively.

II. STANDARD OF REVIEW

Where the Commissioner's findings are supported by substantial evidence, we must affirm. 42 U.S.C. § 405(g); Richardson v. Perales, 402 U.S. 389, 390 (1971); Rutherford v. Barnhart, 399 F.3d 546, 552 (3d Cir. 2005); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992).

Substantial evidence "does not mean a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Pierce v. Underwood, 487 U.S. 552, 565 (1988) (internal quotation marks omitted). It is "more than a mere scintilla but may be somewhat less than a preponderance of the evidence . . . ." Rutherford, 399 F.3d at 552 (citations omitted). As long as the Commissioner's decision is supported by substantial evidence, it cannot be set aside even if the court "would have decided the factual inquiry differently." Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999). However,

3

the ALJ must thoroughly explain the rationale for her decision, particularly when rejecting the conclusions of the claimant's treating physician. Wier v. Heckler, 734 F.2d 955, 961 (3d Cir. 1984).

III. DISCUSSION

The ALJ considered the severity of Mr. Alston's impairments during the period between February 27, 2003, the day after his previous application for DIB was denied and became res judicata (the "alleged onset date"), and March 31, 2005, which constituted his "date last insured." Plaintiff does not challenge the applicable time period. Evaluating the evidence in the record pursuant to the five-step sequential evaluation process delineated in 20 C.F.R. 404.1520(b), the ALJ found that Mr. Alston had not engaged in any substantial gainful activity during the relevant time period, and that he suffered from the severe impairments of PTSD, hepatitis C, hypertension, diabetes, and a history of poly-substance dependence. Because the ALJ found that none of Alston's impairments met or medically equalled an impairment listed within 20 C.F.R. Part 404, Subpart P, Appendix 1, the ALJ then turned to whether Mr. Alston retained any residual functional capacity ("RFC"). She found that Mr. Alston possessed the RFC to work "at all exertional levels" but with the nonexertional limitations that "he cannot

work at a production-rate pace and can have no more than occasional interaction with the public and supervisor and few workplace changes." [Doc. No. 5 (hereinafter "R.") at 12.] The ALJ found that Mr. Alston could not return to his past employment. [R. at 15-16.] Relying on the testimony of Ms. Krull, she found that Mr. Alston could work as a bagger, cleaner, or vehicle cleaner, all jobs available within the national economy. [R. at 16.]

Mr. Alston was born on February 16, 1947, and was fifty-eight years of age as of the date last insured.[1] [R. at 16.] He possesses a high school education and the ability to communicate in English. [Id.]. The record reflects that Mr. Alston served with the United States Marine Corps during the Vietnam War, and his PTSD appears linked to his experiences there. [R. at 223.]

Mr. Alston has been treated at the VA Pittsburgh Healthcare System on a regular basis since well before the alleged onset date, and as a result, the record reflects a detailed and thorough treatment history. He has been treated on multiple occasions by several physicians and psychologists.

---

[1] The ALJ notes in her opinion that Mr. Alston was "an individual closely approaching advanced age." [R. at 16.] Although Mr. Alston does not challenge this classification, it appears he was older than fifty-five at all times during the relevant period, and thus should have been classified as a "person of advanced age." 20 C.F.R. § 404.1563(e). The Commissioner is directed to consider this fact on remand, as it may affect his determination.

None testified on his behalf at his hearing. On May 2, 2007, he received a benefits determination from the VA. The VA found that he was 100% disabled and unable to work, with an effective date of January 29, 2002, prior to the alleged onset date.[2] [R. at 767-68].

Plaintiff now argues that the ALJ relied solely upon the opinions of State Agency Medical Consultants, to the exclusion of the opinions of his treating physicians and the VA. Defendant argues that the medical record does not support the opinions of the treating physicians, and that the chores and other activities Mr. Alston admitted to doing around the house contradict his position that he cannot perform work.

A. Opinions of Treating Professionals

The opinion of a treating physician or medical professional is entitled to weight substantially greater than that of a nonexamining medical advisor or a physician who saw plaintiff only once. See Dorf v. Bowen, 794 F.2d 896, 901 (3d Cir. 1986); Brewster v. Heckler, 786 F.2d 581, 585 (3d Cir. 1986); Weinstein v. Astrue, No. 09-323, 2009 WL 4573454 at *8-9 (D.N.J. Dec. 3, 2009) (evaluating the weight given to opinion of psychologist). A physician's statement that plaintiff is disabled is not determinative of the ultimate issue. 20 C.F.R.

---

[2] Specifically, he was 70% disabled due to PTSD, 20% disabled due to diabetes mellitus, and 10% disabled due to hypertension. The total was rounded to 100% due to his individual unemployability.

6

§ 404.1527(e)(1). The weight given such a statement depends on whether it is supported by sufficient medical data and is consistent with other evidence in the record. See Harris v. Heckler, 756 F.2d 431, 435 (6th Cir. 1985). Where the treating physician's opinion conflicts with that of a non-treating, non-examining physician, "the ALJ may choose whom to credit but cannot reject evidence for no reason or for the wrong reason." Morales v. Apfel, 225 F.3d 310, 317 (3d. Cir. 2000) (internal quotation omitted). Nor may the ALJ reject a treating physician's opinion based on her own "credibility judgments, speculation or lay opinion." Id.

In addition, medical evidence generated after the date last insured is only relevant to the extent it is reasonably proximate in time or relates back to the period at issue. See Tezca v. Astrue, No. 08-242, 2009 WL 1651536 at *9-10 (W.D. Pa. June 10, 2009) (evaluating probity of physicians' opinions based on their proximity to relevant time period).

Finally, the evaluator must keep in mind that a work setting can be far different than the sterilized environments of a hospital or the plaintiff's home. "[A] claimant's ability to function within a structured hospital or treatment setting is not necessarily indicative of his ability to carry out basic work activities in a job setting on a regular and continuing basis." Bennett v. Barnhart, 264 F. Supp. 2d 238, 255 (W.D. Pa.

7

2003). See also Morales, 225 F.3d at 319 (holding that a finding that a patient with a personality disorder is stable while on medication "does not support the medical conclusion that [claimant] can return to work").

Plaintiff has contended that the ALJ failed to give proper weight to statements made by VA doctors over the course of Mr. Alston's treatment. Specifically, one of plaintiff's treating physicians, Paul Bulgarelli, D.O., composed a letter dated December 4, 2008, in which he averred that Alston "is permanently disabled due to [his] conditions; and moreover, he would have difficulty sustaining gainful employment at this time." [R. at 972.] In a note dated July 17, 2005, Richard W. Lees, plaintiff's clinical psychologist, stated: "In the view of the undersigned, the veteran continues to be unable to work due to his posttraumatic stress disorder." [R. at 273.] Dr. Lees also recorded similar statements at later points in time. [R. at 175-76.]

In rejecting Dr. Bulgarelli's conclusion, the ALJ noted correctly that his opinion was based on an examination well past the date last insured, and also stated that "there is simply no evidence to suggest that physical or mental impairments would be considered disabling during the period in question . . . ." [R. at 15]. She made no mention of Dr. Lees's determination. She concluded her RFC assessment by

8

noting that it was "supported by the opinions of the State Agency Medical Consultants who reviewed the file at a lower level of adjudication." [Id.]

It is true that some evidence tending to conflict with the statements of the treating physicians can be found in the record. In her opinion, the ALJ relied on several occurrences in which Mr. Alston was reported to be doing "quite well," responding to medication, or otherwise in control of his PTSD and physical illnesses. [R. at 14-15.] She also noted that in April 2002, his treating psychiatrist at the time, a Dr. Robin Wragg, recorded a Global Assessment of Functioning ["GAF"] score of 60, indicating "moderate" symptoms. [R. at 14.] She also stated that his status as primary caregiver for his daughter during this period indicated a "high" level of overall functioning. [Id.]

The Commissioner further argues in his brief that the household activities to which Mr. Alston admits to taking part — including walking the dog, working on the computer, and helping with the dishes and laundry — contradict Mr. Alston's position. He also notes that Mr. Alston's primary care provider declined to submit a letter on behalf of his social security claim on the basis that "the medical conditions he is being treated for in [primary care] does not warrent [sic] his request . . ." [R. at 376.] However, it is clear that the provider in question was

not treating Mr. Alston for the full extent of his ailments, among them his psychiatric and gastrointestinal conditions. Instead, the provider instructed Mr. Alston to "discuss obtaining a letter from other providers who are treating him for other conditions." [Id.]

The ALJ's reliance on plaintiff's status as "primary caregiver" for his daughter to establish a "high" level of functioning was an improper lay opinion with no basis in the medical evidence, and should not have been used to contradict the opinions of Dr. Bulgarelli, Dr. Lees, and others as plaintiff's treating physicians and psychologists. The same is true of the evidence that plaintiff was able to engage in various household chores. Not only is this not necessarily indicative of plaintiff's ability to sustain gainful employment, but it is not fully supported by the record, which indicates that at times during this period he was "not taking care of [activities of daily living]" including showering and changing clothes. [R. at 279.]

The ALJ's reliance on his GAF score of 60, indicating only moderate symptoms, was also misplaced. At times during the relevant period, the GAF dipped to below 50, a level at which symptoms or social and occupational functioning are considered serious. At this level, a patient may exhibit suicidal ideation, obsessional rituals, no friends, and notably, the

10

inability to keep a job. American Psychiatric Association, <u>Diagnostic and Statistical Manual of Mental Disorders</u> 34 (4th ed., text rev. 2000). In December, 2004, it dipped as low as 42. [R. at 279.] It is also important to note that the April, 2002, GAF cited by the ALJ was recorded prior to the relevant time period.

The weight accorded to Dr. Bulgarelli's opinion is diminished somewhat due to its temporal distance from the date last insured. However, it is still entitled to some weight. The record does not suggest that Mr. Alston's condition deteriorated between the date last insured and the date of Dr. Bulgarelli's opinion; in fact, the statement of Dr. Lees and the treatment notes, including the fluctuating GAF scores, support the conclusion that the severity of his condition was continuous from the relevant time period. Dr. Lees's July 16, 2005, opinion was reasonably proximate in time, and is entitled to substantial weight.

Finally, to the extent the opinions of the State Agency Medical Consultants, who neither treated nor examined Mr. Alston, conflicted with that of the treating physicians, the ALJ was not entitled to rely on them.

It is certainly true that, in this case, the ALJ is not bound by the determinations of plaintiff's treating physicians that plaintiff was not employable, which is a legal

11

conclusion reserved to the ALJ. However, her rationale in rejecting those determinations, that "there is simply no evidence" to support them in the record, was flawed. On the contrary, the evidence she relied on to rebut the statements of plaintiff's treating physicians was insufficient. The ALJ's determination, then, is not supported by substantial evidence in the record.

B. VA Disability Rating

In her opinion, the ALJ also indicated that she "fully considered" the VA's service-connected rating, which had adjudicated Mr. Alston as 100% disabled and umemployable, well prior to the alleged onset date. However, she went on to conclude that the VA's rating was not corroborated by "evidence of clinical significance . . . ." [R. at 15.]

The opinion of another government agency is not binding on the ALJ, as it is made pursuant to different statutory and regulatory requirements. 20 C.F.R. 404.1504 ("[A] determination made by another agency that you are disabled... is not binding on us."). However, it is entitled to "substantial weight." Kane v. Heckler, 776 F.2d 1130, 1135 (3d Cir. 1985). The ALJ must therefore explain her reasons for rejecting it. Morgan v. Astrue, No. 08-2133, 2009 WL 3541001 at *7 (W.D. Pa. October 30, 2009).

12

As with the opinions of the treating physicians, the court did not sufficiently explain its reasoning in rejecting the VA's decision and the evidence of record supporting it. On remand, the Commissioner is instructed to give this adjudication the weight it deserves.

IV. CONCLUSION

Based on the evidence of record and the briefs filed in support and opposition to the cross-motions for summary judgment, the court concludes that the ALJ's finding that Mr. Alston possessed a sufficient level of RFC to find employment in the national economy is not supported by substantial evidence.

If the Secretary's decision is not supported by substantial evidence, the Court must decide whether to remand the matter for rehearing or to reverse and order benefits granted. The Court has authority to affirm, modify, or reverse the Secretary's decision "with or without remanding the cause for rehearing." 42 U.S.C. § 405(g) (1986). The primary factor to be considered is whether the proof of disability is strong, and opposing evidence is lacking in substance, so that remand would merely involve the presentation of cumulative evidence. Gilliland v. Heckler, 786 F.2d 178, 184-85 (3d Cir. 1986). However, remand is appropriate if the Secretary applied an erroneous principle of law, failed to consider certain evidence,

13

failed to consider the combined effect of impairments, or failed to make a credibility finding. Wier v. Heckler, 734 F.2d 955, 964 (3d Cir. 1984) (remand required where ALJ failed to explain reasons for rejecting reports by two physicians); Szubak v. Sec'y of Health & Human Servs., 745 F.2d 831, 834 (3d Cir. 1984) (remand to consider reports completed after Secretary's first decision).

We have found that the ALJ failed to give proper weight to certain evidence, primarily the opinions of Mr. Alston's treating physicians and the VA's disability rating, and that, therefore, the decision below was not supported by substantial evidence. However, it is possible that, even after a rebalancing of the evidence, Mr. Alston would still exhibit sufficient RFC to procure employment. Therefore, the Court remands to the Commissioner for reconsideration of Mr. Alston's request for benefits pursuant to this opinion.

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

TONY ALSTON,  )
    Plaintiff,  )
                                           )
   v.  ) Civil Action No. 10-839
                                           )
MICHAEL ASTRUE,  )
Commissioner of Social Security,  )
    Defendant.  )

ORDER

AND NOW, this 5th day of October, 2011, IT IS HEREBY ORDERED that plaintiff's motion for summary judgment [Doc. No. 9] is GRANTED and defendant's motion for summary judgment [Doc. No. 11] is DENIED.

IT IS FURTHER ORDERED that the final decision of the Commissioner is VACATED and the matter REMANDED to the Commissioner for reconsideration pursuant to the accompanying memorandum.

BY THE COURT:

/s/ _____, C.J.

cc: All Counsel of Record